IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PRENTIS RUPERT                                                                    PLAINTIFF

v.                                  No. 3:17-cv-119-DPM-BD

MARTY BOYD, Sheriff, Craighead
County; KEITH BOWERS, Jail
Administrator, Craighead County
Detention Center; and FEARS, Officer,
Craighead County Detention Center                                              DEFENDANTS

## ORDER

On *de novo* review, the Court partly adopts and partly declines the recommendation, № 33, and partly sustains Rupert's objections, № 36. FED. R. CIV. P. 72(b)(3). The Court agrees that Rupert's excessive force claims against Boyd and Bowers, and his official capacity claims against all three Defendants, fail. But Bowers hasn't shown that he's entitled to judgment as a matter of law on Rupert's procedural due process claim.

A pretrial detainee can't be punished for a disciplinary infraction without due process. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). In the pretrial detainee context, due process includes "written notice of the charges, a written statement of the evidence relied on and the reasons for the action, and an opportunity to call witnesses and present documentary evidence." *Racy v. Lewis*,

No. 5:11-cv-155-DPM-JTK (E.D. Ark.), № 25 at 7–8 & № 29 (26 October 2011); *Briley v. Ford*, No. 5:09-cv-174-BSM-JTK (E.D. Ark.), № 53 at 6–7 (15 November 2010). These requirements track those in *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

Here, Rupert wasn't provided a hearing before being placed on lockdown. Pre-deprivation hearings aren't always required; and there may have been valid, non-punitive reasons for placing Rupert in lockdown before the opportunity to be heard. If there were, though, those reasons aren't found in the current record. *Brown-El v. Delo*, 969 F.2d 644, 647–48 (8th Cir. 1992); *Briley*, № 53 at 6–7 (15 November 2010).

The record also doesn't establish that the notice provided to Rupert was adequate as a matter of law. "Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564. Here, the "Due Process Form" given to Rupert was threadbare; it didn't state the particular disciplinary code violation he was charged with. Due process requires balancing all the material interests. There will be situations where that balance weighs in favor of withholding certain information from the notice. *E.g., Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007). But to arrive at the appropriate balance, "the district court must be given reasons to

justify the absence of specific facts from a disciplinary notice. . . . Without support in the record, we cannot infer that the lack of specific facts in the disciplinary notice was justified by countervailing correctional needs." *Ibid.* This record reveals no reason why Rupert couldn't have been given more particulars about the disciplinary charge at issue.

Finally, it isn't clear why Rupert wasn't given time to gather witness statements or an opportunity to present them in his defense. As with timing and notice, there may be legitimate reasons for this. But, if so, they, too, haven't yet been put before the Court. *Briley,* № 53 *at 7.*

\* \* \*

Recommendation, № 33, partly adopted and partly declined. On the current record, the Court can't conclude that the process provided Rupert was constitutionally adequate as a matter of law. The motion for partial summary judgment, № 17, is therefore denied without prejudice on Rupert's procedural due process claim. The remainder of the motion is granted. Rupert's excessive force claims against Bowers and Boyd, and his official capacity claims against Bowers, Boyd, and Fears, are dismissed with prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 April 2018